**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUISIANA ENVIRONMENTAL ACTION NETWORK, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-2240** |
| **ATALCO GRAMERCY, LLC** | **SECTION: "N"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Louisiana Environmental Action Network, Inc. (LEAN)'s Motion to Vacate Stay,[1] opposed by Defendant Atalco Gramercy, LLC,[2] and to which LEAN filed a reply.[3] The Court held a status conference on the motion on July 29, 2026.[4] Having considered the briefing, the discussion during the status conference, and the law, the motion is **DENIED**.

A district court has broad, though not unbounded, discretion to stay proceedings incident to its inherent authority to control its docket.[5] That discretion is exercised against the backdrop of the "virtually unflagging obligation" of federal courts to exercise the jurisdiction given them.[6] The same standard governing whether to impose a stay governs whether to lift one; the Court must assess the equities "in relation to the present day realities."[7]

---

[1] R. Doc. 26.

[2] R. Doc. 29.

[3] R. Doc. 30.

[4] R. Doc. 32.

[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

[6] *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[7] *In re Beebe*, 56 F.3d 1384, 1995 WL 337666, at *3 (5th Cir. 1995) (unpublished) (quoting *Landis*, 299 U.S. at 258); *see also* 5th Cir. R. 47.5.3 ("Unpublished opinions issued before January 1, 1996, are precedent.").

LEAN's motion rests on the premise that the equitable foundation for the stay has eroded because the settlement discussions it anticipated with Atalco's president never materialized.[8] But that premise conflates LEAN's private motive for consenting to the stay with the basis on which Judge Africk actually entered it. The record reflects that the stay was proposed, and entered, because the Louisiana Department of Environmental Quality (LDEQ) administrative proceeding addressing the same violations was underway, and because LEAN consented to await its resolution.[9] Nothing in the record ties that stay to an expectation that Atalco's president and LEAN would engage in settlement discussions.

A party's undisclosed reason for consent to relief is not a term of the order granting it. Had LEAN wished to condition its consent on continued settlement talks, or to place that condition on the record, it could have done so. Yet it did not. The Court declines to now read into Judge Africk's order a contingency that was never stated.

What's more, the actual condition that warranted the stay—an ongoing LDEQ administrative proceeding addressing the same underlying violations—remains unchanged. At the July 29, 2026, status conference, the parties expressly agreed that (1) the relief LEAN seeks in this action is the same relief at issue in the pending LDEQ administrative proceeding, and (2) the proceeding remains ongoing.[10] These concessions confirm that the predicate for the stay persists.

The parties further represented at the July 29 status conference that dispute resolution discussions in the LDEQ proceeding are expected to conclude by October

---

[8] R. Doc. 26 at pp. 1, 2.

[9] R. Doc. 24 ("The parties have informed this Court that they are not opposed to staying and administratively closing this matter pending resolution of the LDEQ proceeding.").

[10] R. Doc. 32 at p. 1.

13, 2026, absent extension.[11] That representation gives the Court a concrete, near-term point at which to reassess the stay's continued propriety, and the parties will be ordered to provide a joint status report regarding the LDEQ proceedings no later than October 20, 2026.

LEAN's alternative request—that the stay be lifted for the limited purpose of compelling responses to its January 30, 2026, discovery requests—is also denied.[12] As explained, LEAN has not shown that the LDEQ proceeding has concluded, nor that the consent underlying the stay was validly withdrawn on grounds tied to the stay's actual basis. The Court finds that piecemeal discovery would undermine the docket-management and economy rationale that supported Judge Africk's entry of the stay in the first place. Accordingly,

**IT IS ORDERED** that the Motion to Vacate Stay[13] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties file a joint status report regarding the LDEQ proceedings no later than **October 20, 2026**. At that time, the Court will consider whether to continue the stay.

New Orleans, Louisiana, this 31st day of July, 2026.

_____
**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Id.*
[12] R. Doc. 26 at p. 6.
[13] R. Doc. 26.

3